IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

CHRIS THOMPSON                                                                    PLAINTIFF


v.                                    No: 3:18-cv-00159 KGB-PSH


TANNER HILL, *et al.*                                                          DEFENDANTS


### PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States

District Judge Kristine G. Baker. You may file written objections to all or part of this

Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or

legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14)

days of this Recommendation. By not objecting, you may waive the right to appeal questions of

fact.

### DISPOSITION

Plaintiff Chris Thompson, an inmate at the Greene County Detention Center, filed a *pro se*

complaint pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated when

he was not allowed to use the restroom for several hours and wet himself.[1] *See* Doc. No. 2 at 4.

Because Thompson's complaint did not allege enough facts to determine if he stated a claim for

relief, the Court ordered Thompson to file an amended complaint describing why he was placed

in the dayroom on the day in question, how long he was not allowed to use the restroom while in

---

[1] Thompson's complaint was signed by three plaintiffs who all alleged to have wet themselves
after being locked in the dayroom for several hours on August 4, 2018. Each plaintiff was assigned a
separate case.

the dayroom, and how long he was made to wear soiled clothes. *See* Doc. No. 3. Thompson

subsequently filed an amended complaint (Doc. No. 5). For the reasons explained below, the Court

finds that Thompson fails to describe facts sufficient to state a claim for relief.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2).

Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money

from a defendant who is immune from paying damages should be dismissed before the defendants

are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain

statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth

therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ.

P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's

obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."").

While construed liberally, a *pro se* complaint must contain enough facts to state a claim to relief

that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a

defendant acting under color of state law deprived him of a right, privilege, or immunity secured

by the United States Constitution or by federal law. 42 U.S.C. § 1983. Thompson claims that his

right to be free from cruel and unusual punishment under the Eighth Amendment to the United

States Constitution was violated when he was not allowed to go to the restroom while held in a

dayroom for "numerous hours" and wet himself. Doc. No. 5 at 4. In a notice previously filed by

Thompson, he claimed that he was left in the dayroom for three or four hours with no restroom,

that he was not given clean pants for 30 minutes after he wet himself, and that he was not allowed to shower for another 18 hours or more.  Doc. No. 4.  Thompson claims the defendants, the officers on duty at the time, laughed at him and ridiculed him.  *Id.*; Doc. No. 5 at 4.  Thompson alleges he suffers pains in his lower abdomen and penis as a result.  Doc. No. 4.

In order to support an Eighth Amendment violation, a plaintiff must prove the existence of objectively harsh conditions of confinement, together with a subjectively culpable state of mind by prison officials in condoning or creating the conditions.  *Choate v. Lockhart*, 7 F.3d 1370, 1373 (8th Cir. 1993).  The "defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the 'minimal civilized measure of life's necessities.'  . . . The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner."  *Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir. 2004) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 342 (1981) and *Estelle v. Gamble*, 429 U.S. 97, 104 (1977)).  "[D]iscomfort compelled by conditions of confinement, without more, does not violate the amendment."  *Smith v. Coughlin*, 748 F.2d 783, 787 (2nd Cir. 1984) (quoting *Jackson v. Meachum*, 699 F.2d 578, 581 (1st Cir. 1983)).  With respect to unclean conditions, the length of time a prisoner is exposed to unsanitary conditions is relevant to the Court's analysis as is the extent of the unclean conditions.  *See Owens v. Scott County Jail,* 328 F.3d 1026, 1027 (8th Cir. 2003).

Thompson has not alleged facts showing that he was denied life's necessities such as food, shelter, and water or that he has suffered the unnecessary or wanton infliction of pain.  Thompson does not allege he has a particular medical condition that would prevent him from holding his bladder for a few hours; further, he could relieve himself (as he did) to prevent any physical harm. He was provided a change of clothing within 30 minutes and allowed to shower the next day.

While these circumstances may have been uncomfortable for Thompson, the facts he alleges are insufficient to state an Eighth Amendment claim. *See e.g., Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir. 2004) (the "momentary deprivation of the right to use the bathroom, in the absence of physical harm or a serious risk of contamination, does not rise to the level of an Eighth Amendment violation."); *Knop v. Johnson,* 977 F.2d 996, 1013 (6th Cir. 1992) (finding no Eighth Amendment violation where inmates were occasionally forced to urinate occasionally in their cells when officers were unavailable to take them to the toilet); *Whitted v. Lazerson,* No. 96 Civ. 2746(AGS), 1998 WL 259929, at *2 (S.D.N.Y. May 21, 1998) (finding no constitutional violation where inmate urinated on himself after waiting for an hour and a half to be allowed to use the restroom).

Likewise, Thompson's allegation that he was laughed at and ridiculed by defendants does not describe a constitutional claim. Insults or threats generally do not rise to the level of a constitutional violation. *See Hopson v. Fredericksen,* 961 F.2d 1374, 1378 (8th Cir. 1992) (finding officer's use of racial slur and threat to knock prisoner's teeth out was not actionable).[2] The only exception to this rule is when a verbal threat rises to the level of a "wanton act of cruelty" such that the inmate is in fear of "instant and unexpected death at the whim of his allegedly bigoted custodians." *Burton v. Livingston,* 791 F.2d 97, 99–100 (8th Cir.1986). Because Thompson's allegations that he was laughed and made fun of do not approach this threshold, he does not state an actionable 1983 claim.

### III.  Conclusion

For the reasons stated herein, it is recommended that:

---

[2] *See also McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1993) (inmate's allegations of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas,* 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail officials insufficient to state a constitutional violation).

1.      Thompson's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2.      Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 13th day of November, 2018.

_____
UNITED STATES MAGISTRATE JUDGE